{¶ 24} I respectfully dissent. While I agree with the majority that Ohio law does not support a rule of law that a bad faith claim can never exist absent an insurer's refusal to pay a claim, I do not believe there to be a genuine issue of material fact demonstrating that Nationwide's conduct constituted bad faith. All of the relevant facts, as set forth in the majority opinion, are undisputed and based on those facts, Nationwide's delay in the handling and payment of Appellants' claims did not constitute bad faith as a matter of law. See Drouard v. UnitedServs. Auto Assn., 6th Dist. No. L-06-1275, 2007-Ohio-1049, at ¶ 16, 21 (noting that "the duty of good faith extends beyond those scenarios involving an outright denial of payment for a claim" and finding based on the undisputed facts before it, no evidence suggesting a lack of good faith by the insurance company.). See, also Hess v. Auto-Owners Ins.Co. (Feb. 28, 1997), 6th Dist. No. L-96-171, at *2-3 (finding that reasonable minds could only conclude that Auto-Owners did not act in bad faith in its investigation of the claim and failure to timely pay the arbitration award). I would affirm the trial court's grant of summary judgment in favor of Appellee.
 {¶ 25} Beginning with Appellants' first assignment of error, I agree with the majority that the trial court could properly consider additional instances of the same conduct that was the basis of the original complaint as evidence of Nationwide's bad faith. Thus, I agree with the majority that the trial court *Page 14 
improperly found the relevant period of delay to be four and one-half months instead of seven and one-half months; however, I disagree with the majority vis-à-vis what conduct occurring over those seven and one-half months that the trial court could properly consider. I do not agree that the trial court should have considered Appellee's delay in paying Appellants' med pay claims and Appellee's conditional settlement offer as evidence of bad faith. Appellants' complaint does not base their claim for bad faith on Nationwide's refusal to pay med-pay benefits or a conditional settlement offer; the action is limited to Nationwide's refusal to make an offer to settle Appellants' UM/UIM claims. Appellants were required to supplement their pleadings with this additional new conduct for this evidence to properly be before the court vis-à-vis Nationwide's motion for summary judgment. While Appellants could certainly have moved the court to conform their complaint to evidence if this matter had gone to trial, such conformance would have required Appellants to take action, i.e., to actually make a motion to the court. The same is true here. Appellants were required to move the court to supplement their pleadings to include this new evidence as a basis for their arguments opposing summary judgment.
 {¶ 26} Accordingly, I would sustain Appellants' first assignment of error; however, based on my opinion vis-à-vis Appellants' second assignment of error, set forth below, I would find any error to be harmless because I do not believe Appellants have established a genuine issue of material fact as to whether *Page 15 
Nationwide acted in bad faith and would find that Nationwide's conduct did not constitute bad faith as a matter of law.
 {¶ 27} As to any delay in settling Appellants' claims after the complaint was filed, it is axiomatic that the posture of a dispute changes after a lawsuit is filed. In this case, the matter was no longer being handled by Nationwide adjusters. Instead the matter was being handled within the legal system, which as a matter of course, adds time to any process. Counsel was required to answer the complaint and issued discovery to which Appellants responded. Appellants issued their own discovery requests and Nationwide responded thereto. The parties also engaged in mediation. All of this occurred in less than five months, after which an offer was made, which I assume was a fair offer in that Appellants immediately accepted it. I would find that Nationwide's failure to make an offer in the five initial months of the litigation did not constitute bad faith as a matter of law.
 {¶ 28} As to the time period between July 22, 2005, and the date the complaint was filed, the record indicates that Mr. Deibel admits that he did not make Appellants an offer timely as per Nationwide's best-claims practice. However, between those two dates (11 weeks), communication was occurring and Mr. Deibel was on vacation for at least seven days. Appellants' counsel submitted a request and then a demand for an offer, and Mr. Deibel's affidavit indicates he spoke to Appellants' counsel in September of 2005, regarding his work on the case. Moreover, although it was not done, before an offer could have been made, *Page 16 
Mr. Deibel was required to submit any proposed offer to a Nationwide committee for authority to pay and as Mr. Deibel testified in his deposition, it typically took two weeks to a month to receive that authority. Thus, even had Mr. Deibel immediately submitted the claims for approval, it could have been at least the end of August until approval was given and an offer could have been made. I would find that Nationwide's failure to make an offer prior to Appellants' filing of the complaint does not constitute bad faith.
 {¶ 29} I would also find that Nationwide's multiple requests for medical records do not constitute bad faith. Although Appellants provided their medical records to Nationwide in 2003, such were provided to a different adjuster pursuant to a claim under a different insured's policy. Moreover, the second request for medical records came almost two years later, at the request of a new adjuster pursuant to a new claim under a different insured's policy. Two separate requests by two separate adjusters based on two separate claims under two separate policies made two years apart is certainly not unreasonable or indicative of bad faith. As to the third request for medical records, such request was made as part of usual and customary discovery requests issued by counsel engaged by Nationwide after Appellants filed suit. Even if such a discovery request could be considered unreasonable, Appellants could have responded to such request by noting that they previously provided all medical records to Mr. Deibel. *Page 17 
 {¶ 30} Given the undisputed facts and construing them in the light most favorable to Appellants, I believe it is clear that reasonable minds could only reach one conclusion that Nationwide did not act in bad faith in the processing and payment of Appellants' claims in seven and one-half months, five of which were after suit was filed. Accordingly, I would find that Nationwide was entitled to summary judgment on the claim of insurance bad faith and would overrule Appellants' second assignment of error and affirm the judgment of the trial court. *Page 1